# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF BERKSHIRE, SEPTEMBER TERM 1833, AT LENOX.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM, ⎫
Hon. SAMUEL S. WILDE, ⎬ Justices.
Hon. MARCUS MORTON, ⎭

## WILLIS BARTHOLOMEW *versus* ZACCHEUS CANDEE.

Where a deed of real estate was executed, with covenants of seisin and warranty, and an action was brought by the assignee of the grantee against the grantor for the breach of the covenant of warranty, the grantor pleaded, that he was not seised when the conveyance was made, and that so the covenant of seisin was broken at the time of the execution of the deed; the assignee took issue on this fact. It was *held*, that the assignee had thus waived his right to object that the grantor was estopped to deny his seisin at the time when the deed was executed, and that the jury were at liberty to find the truth.

If the grantor in a deed containing covenants of seisin and warranty was disseised at the time of the execution of the deed, no action will lie against him on such covenants in the name of an assignee of the grantee; for, the covenant of seisin being broken at the time of the execution of the deed, a mere right of action accrued to the grantee, which was not assignable.

COVENANT broken; in which the plaintiff declares upon a deed of a tract of land in Sheffield, dated April 1, 1815, with covenants of seisin and warranty, given by the defendant to Abel Thorp, and a deed of the same land, containirg the

like covenants, dated September 18, 1815, from Thorp to the plaintiff. The declaration sets forth a breach of the covenants of seisin and warranty.

The defendant pleaded first, *non est factum.*

The second plea averred, that on April 10, 1809, Daniel Sparks entered upon the premises, under a deed of warranty from the defendant, and on April 16, 1809, died seised thereof, and intestate, leaving a widow, Electa, and five children, to wit, Abigail, Maria, Levina, Angelina and Luanna ; that the premises vested in the children as an estate of inheritance, subject to the widow's right of dower, and that at the date of the deed from the defendant to Thorp, they were still seised thereof ; and that the defendant was not seised thereof, and so his covenant of seisin was broken at the time of the execution of the deed.

The third plea alleged, that Sparks, before April 10, 1809, entered upon the premises, and became seised thereof by disseisin, and that a freehold estate in the premises descended to his children, who continued seised thereof at the time of the execution of the deed to Thorp, &c.

The fourth plea, after stating the conveyance to Sparks, his death and the descent of the estate to his heirs, alleges that, on April 1, 1815, after Electa, the widow of Sparks, had intermarried with Noah Sellick, and at the joint request of Electa, Sellick and Thorp, the defendant was induced to destroy the deed to Sparks, and to execute the deed to Thorp, without any other consideration whatever than $ 24 named in the deed to Sparks ; that at the same time, Sellick executed a bond to Thorp, in the penal sum of $ 300, conditioned, that whereas Thorp had purchased the premises, and had executed and delivered his promissory notes to Sellick for $ 150, and whereas the fee of the premises was in the heirs of Sparks, who were all minors, now if such heirs should convey to Thorp their respective shares in the estate, within six months after they should respectively become of age, and if Electa should, within two months from the date of the bond, release to Thorp her right of dower in the premises, then such bond should be void ; that at the same time when Thorp executed his deed of the premises to the

plaintiff, he also assigned to the plaintiff this bond, and authorized him to collect the penalty thereof in the name of Thorp, but for the sole use of the plaintiff.

Upon each of these pleas, issue was joined.

At the trial, before *Shaw* C. J., the plaintiff produced the deed from the defendant to Thorp, and it appeared that the covenant of warranty was as follows : — " And furthermore I, the said Candee, do by these presents, bind myself &c. to warrant and defend the above granted and bargained premises to him the said *Candee* " &c.

For the purposes of the trial, the jury were instructed, that this being probably a mistake apparent upon the face of the deed, they would be warranted in finding a verdict for the plaintiff upon such covenant. It was also objected, that this was a variance from the declaration, but the objection was overruled.

On the issue on the first plea, the jury found for the plaintiff ; on the issues on the second, third and fourth pleas, the jury found a verdict for the defendant.

It was agreed between the parties, that if the Court should be of opinion that the plaintiff was entitled to recover, the damages were to be assessed under the direction of the Court. For this purpose, it was further agreed or proved, that the premises were conveyed by the plaintiff, with covenants of seisin and warranty, after he had received the deed from Thorp, and that the grantees were evicted from a portion thereof by the widow and two of the heirs of Sparks ; and that judgment had been recovered by such grantees against the plaintiff, upon his covenant of seisin, for $ 39·75, damages, and $ 14·20, costs.

*Hall* and *Byington* for the plaintiff. The defendant is estopped by his own deed to deny his seisin, at the time when the deed was executed. It may be said, that the plaintiff cannot avail himself of such estoppel unless he pleads it ; but we contend, that it is not incumbent on the plaintiff to plead it in this case, as all the material facts are set forth in the pleas of the defendant, and appear on the record. *Howard* v. *Mitchell*, 14 Mass. R. 241 ; *Adams* v. *Barnes*, 17 Mass. R. 365. We could not have availed ourselves of the

Bartholomew
*v.*
Candee.

*Sept.* 17

estoppel by a demurrer ; for if we had demurred, this would have been an admission of the truth of the defendant's plea, and so we should have been estopped from disproving the existence of the facts therein stated.

Besides, a conveyance by a disseisee is unlawful ; and the defendant will not be permitted to take advantage of his own illegal act, to avoid his covenant ; *Brinley* v. *Whiting*, 5 Pick. 348.

*Dwight*, *C. A. Dewey* and *Barnard* for the defendant. The covenant of seisin having been broken at the time of the execution of the deed, if any thing passed to Thorp it was merely a chose in action, which was incapable of being assigned by him. *Marston* v. *Hobbs*, 2 Mass. R. 439 ; *Bickford* v. *Page*, ibid. 460 ; *Porter* v. *Perkins*, 5 Mass. R. 233 ; *Wolcott* v. *Knight*, 6 Mass. R. 418 ; *Warren* v. *Childs*, 11 Mass. R. 222 ; *Greenby* v. *Wilcocks*, 2 Johns. R. 1 ; *Hamilton* v. *Wilson*, 4 Johns. R. 72 ; *Williams* v. *Jackson*, 5 Johns. R. 489 ; 4 Kent, 459 ; *Mitchell* v. *Hazen*, 4 Connect. R. 497 ; *Mitchell* v. *Warner*, 5 Connect. R. 497 ; *Garfield* v. *Williams*, 2 Vermont R. 327 ; *Andrew* v. *Pearce*, 4 Bos. & Pul. 158 ; *Lewis* v. *Ridge*, Cro. Eliz. 863. We say, further, that the deed to Thorp was wholly inoperative and void as to all these parties. *Somes* v. *Skinner*, 3 Pick. 61. It is said that the defendant will not be allowed to set up his own violation of law, as a defence ; but there are many cases where such a defence is permitted. *Wheeler* v. *Russell*, 17 Mass. R. 258 ; *Thurston* v. *Percival*, 1 Pick. 415 ; *Springfield Bank* v. *Merrick*, 14 Mass. R. 322 ; *Swett* v. *Poor*, 11 Mass. R. 549 ; *Blackford* v. *Preston*, 8 T. R. 89 ; *Hunt* v. *Knickerbacker*, 5 Johns. R. 327 ; 1 Com. on Contr. 30 ; *Holman* v. *Johnson*, Cowp. 341.

*Sept. 19th.* WILDE J. delivered the opinion of the Court. The pleadings in this case are voluminous, but the merits are embraced in a very narrow compass. The plaintiff declares as the assignee of one Abel Thorp, in an action of covenant broken, upon a deed of conveyance from the defendant to said Thorp, with the usual covenants of seisin and warranty. The defendant pleads, that at the time of executing the deed declared on, he was not seised of the granted premises, but

that Abigail, Maria, Levina, Angelina and Luanna Sparks were seised of the same, and so that his covenant of seisin was broken at the time of the execution of his deed. This plea was traversed, and the jury have found, that the defendant was not seised ; and this, we think, is decisive against the plaintiff's right of action ; and the supposed mistake in the deed becomes unimportant.

It has been argued, that the defendant is estopped to deny his seisin ; whether he would have been estopped to show his liability to the grantee, in order to defend himself in this action, if the plaintiff had pleaded the estoppel, is a question as to which there may be some doubt, but which we do not stop to consider ; for however that may be, it is quite clear that the plaintiff, by taking issue on the fact as to the defendant's seisin, has waived the estoppel, and is now concluded by the finding of the jury. The estoppel appearing on the record makes no difference, although the plaintiff might have availed himself of the advantage on demurrer ; *Kemp* v. *Goodal*, Salk. 277 ; but the fact being established by the jury, we are bound to give judgment according to the truth, as it appears of record. The principle is laid down in *Trevivian* v. *Lawrence*, Salk. 276, and is a familiar principle of the common law. If the defendant pleads the special matter on which he relies, and the plaintiff will not rely on the estoppel when he may, but takes issue on the fact, the jury shall not be bound by the estoppel, but shall find the truth, and the Court shall give judgment accordingly.

This point being established, it is perfectly well settled that no action will lie on this contract in the name of an assignee. By the breach of the covenant of seisin an action accrued to the grantee, which, being a mere chose in action, was not assignable. *Bickford* v. *Page*, 2 Mass. R. 460.

*Judgment for the defendant*